UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO CARO,<br><br>Defendant. | Case No. 22-cr-00455-JST-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RESTITUTION**<br><br>Re: ECF No. 46 |

Defendant Fernando Caro pleaded guilty to one count of Possession of Child Pornography, a felony, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). ECF No. 28. On December 1, 2023, the Court sentenced Caro to a custodial sentence of time served, six months of home confinement, and five years of probation. ECF No. 39. Now before the Court is the Government's request for an order of restitution. ECF No. 47. Caro acknowledges that an order of restitution is appropriate, but he challenges the amounts requested by the Government. ECF No. 46. The Court heard argument on February 23, 2024.[1]

The Government requests restitution for 16[2] of the identified victims, in amounts ranging from $3,000 to $10,000 each, as follows:

---

[1] By statute, "the final determination of the victim's losses [is] not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). However, "[t]he ninety-day period in 18 U.S.C. § 3664(d)(5) is not jurisdictional and the exact amount of restitution may be determined outside that time period so long as the court has sufficiently expressed an intent to award restitution," as this Court has done. *United States v. Johnson*, No. 20-30051, 2022 WL 1315305, at *2 (9th Cir. May 3, 2022) (citing *Dolan v. United States*, 560 U.S. 605, 611 (2010)) (affirming child pornography restitution order).
[2] Although the table below identifies 19 victims, only two of the five victims in the "8 Kids" series were depicted in the photos on Defendant's device.

| Series | Victim | Claim Amount |
|---|---|---|
| 8 Kids | John Doe I | $5,000 |
| 8 Kids | John Doe II | $5,000 |
| 8 Kids | John Doe III | $5,000 |
| 8 Kids | John Doe IV | $5,000 |
| 8 Kids | John Doe V | $5,000 |
| Aprilblonde | April | $3,000 |
| 2crazygurls | Chelsea | $3,000 |
| BluePillow1 | Henley | $5,000 |
| Jenny | Jenny | $3,000 |
| Surfer Hair | Jessy | $5,000 |
| Vicky | Lily | $10,000 |
| Best Necklace | Maria | $7,500 |
| Lighthouse1 | Maureen | $10,000 |
| Sweet White Sugar | Pia | $5,000 |
| Teal&Pink Princess2 | Victim 1 | $3,000 |
| At School | Violet | $10,000 |
| Marineland1 | Sarah | $10,000 |
| Jan_Socks1 | Sierra | $10,000 |
| ZooFamily1 | Ali | $3,000 |

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court" and shall be imposed "in addition to any other civil or criminal

penalty authorized by law," regardless of the defendant's economic circumstances. 18 U.S.C. §§ 2259(a), (b)(1), (b)(4). The Supreme Court has recognized that a victim of child pornography "suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Paroline v. United States*, 572 U.S. 434, 457 (2014).

The process for determining the amount of restitution in a child pornography case is set forth in 18 U.S.C. § 2259(b)(2). The court must first determine "the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A).

> Examples of such losses are: (1) medical services relating to physical, psychiatric, or psychological care; (2) physical and occupational therapy or rehabilitation; (3) necessary transportation, temporary housing, and childcare expenses; (4) lost income; (5) reasonable attorneys' fees, as well as other costs incurred; and (6) any other relevant losses incurred by the victim. Future counseling expenses are recoverable as part of restitution, even if none have yet been incurred.

*United States v. Hoffman*, No. 2:22-cr-00018-TL, 2022 WL 4017890, at *3 (W.D. Wash. Sept. 2, 2022) (citing 18 U.S.C. § 2259(c)(2) and *United States v. Laney*, 189 F.3d 954, 966–67 (9th Cir. 1999)). After computing the amount of the victim's losses, the court must then order restitution "in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B).

"For a court to award restitution under the statute, the government must first 'prove by a preponderance of the evidence that [the defendant's] offenses proximately caused the losses incurred by' the victims." *Hoffman*, 2022 WL 4017890, at *2 (alteration in original) (quoting *United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011)). It must then prove the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e).

In determining the victim's losses, "a district court need only 'estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty.'" *United States v. Moore*, No. 22-30157, 2024 WL 1616070, at *2 (9th Cir. Apr. 15, 2024) (quoting *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007)). "[P]recision is neither expected nor required," and "the

3

1  ultimate decision will be a mix of 'discretion and estimation.'" *United States v. Galan*, 804 F.3d
2  1287, 1291 (9th Cir. 2015) (quoting *Paroline*, 572 U.S. at 462).
3        Turning to the requests at hand, the Court notes two concerns with the Government's
4  submission.  First, there are large categories of pertinent information the Government does not
5  include.  For example, with two exceptions, the Government's brief does not state each victim's
6  total losses—the first step in the analysis required by Section 2259(b)(2).  The Government also
7  provides no information regarding other categories of information deemed relevant by the
8  Supreme Court, including:

> the number of past criminal defendants found to have contributed to the victim[s'] general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim[s'] general losses; [or] any available and reasonably reliable estimate of the broader number of offenders involved.

*Paroline*, 572 U.S. at 459–60.

Perhaps information concerning these categories is contained in the exhibits submitted by the Government, but that raises a second, related problem:  The exhibits to the Government's restitution memorandum total 1,845 pages, ECF No. 48, and almost no attempt is made to point the Court to the specific pages supporting the Government's requests.  For example, as to two victims, the Government cites to exhibits in their entirety as evidence of total loss information, but it does not identify the pages on which that information can be found.  This is meager guidance when the exhibits supporting the individual restitution requests run as many as 145, ECF No. 47 at 20, or even more than 300 pages, *id.* at 19.  The Court is not required—and should not be expected—to wade through hundreds of pages to find the information it needs to make a ruling. *Lavelle-Hayden v. Legacy Health*, No. 3:22-cv-01752-IM, ___ F. Supp. 3d ___, 2024 WL 3822712, at *7 (D. Or. Aug. 14, 2024) (excluding report from evidence because "[n]owhere in their briefing do Plaintiffs provide a pin cite or a quotation to assist this Court in confirming that this document stands for what they claim it does"); *see also Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999) ("As we have held many times . . . , judges need not paw over the files without assistance from the parties.").

"The problem created by the scenario in *Paroline* was how to define the outer limits of one defendant's liability when a multitude of independent forces and other persons also contribute to a victim's present and future harm." *United States v. Flucas*, No. 2:17-cv-00209-KJM, 2019 WL 6250710, at *3 (E.D. Cal. Nov. 22, 2019). The rule in *Paroline* "was crafted to strike a delicate balance between recognizing the real harms of victims of internet distribution of child pornography and at the same time respecting the constitutional limits associated with a fair application of notions of proximate causation." *Id.*

On the current record, the Government has failed to provide the Court with the information necessary to strike that balance. Accordingly, the Court awards each of the 16 identified victims the statutory minimum of $3,000.[3] The Government has failed to prove by a preponderance of the evidence that any victim is entitled to any more than that amount.

**IT IS SO ORDERED.**

Dated: November 13, 2024

_____
JON S. TIGAR
United States District Judge

---

[3] The "8 Kids" series depicts five minor children, John Does I-V. Defendant had images in his possession depicting two of those minors. The Government states that it is able to identify these two victims, and it is to them that restitution is awarded. No restitution is rewarded to the remaining three victims from this series.

5